**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

RECEIVED
WILLIAM T. WALSH, CLERK

2006 SEP -6  P 2: 03

UNITED STATES POST OFFICE
AND COURTHOUSE BUILDING
NEWARK, NEW JERSEY 07101

UNITED STATES
DISTRICT COURT

**CHAMBERS OF
JUDGE DENNIS CAVANAGH**

### NOT FOR PUBLICATION

September 1, 2006

<u>THE ORIGINAL OF THIS LETTER OPINION-ORDER
IS ON FILE WITH THE CLERK OF THE COURT</u>

*Paul L. Kattas, Esq.*
*Jonathan K. Cooperman, Esq.*
Kelley Drye & Warren, LLP
200 Kimball Drive
Parsippany, New Jersey 07054

*Marc J. Gross, Esq.*
Greenbaum, Rowe, Smith & Davis LLP
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, New Jersey 07095-0988

  Re: **Proposals for Determining Amount of Security that each Plaintiff Posts for
Pendency of the Temporary Restraining Order
Civil Action No.: 06-2976**

Dear Counsel:

  This matter comes before the Court on proposals submitted by the parties to calculate the amount of security that each Plaintiff posts pursuant to Rule 65 of the Federal Rules of Civil Procedure in connection with the issuance of a Temporary Restraining Order. Having reviewed the parties' submissions, the Court deems each Plaintiff's existing $29,000.00 in security funds

being held by Defendant as sufficient to protect the interests of Defendant under Rule 65.

The relevant court rule provides: "Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No security shall be required of the United States or of an officer or agency thereof." Fed. R. Civ. P. 65.

Although Rule 65 contains mandatory language, the court does have discretion to determine that injunction security is unnecessary to secure the non-moving party for the duration of the restraining order. 11A Wright & Miller, Federal Practice and Procedure §2954 at p.293 (West 1995): "[I]t has been held that the court may dispense with security altogether if the grant of an injunction carries no risk of monetary loss to the defendant."

In addition to dispensing with the security requirement, courts retain great discretion in setting the amount of the security to be posted. Bellowitz v. General Motors Corp., 233 F. Supp. 2d 631, 647 n.17 (D.N.J. 2002). The Defendant is already holding $29,000.00 in security funds from each Plaintiff. In this case, the court deems that this amount is sufficient as proper security for the payment of such costs and damages as may be incurred or suffered by the Defendant for the period of the injunction.

Very truly yours,

DENNIS M. CAVANAGH
United States District Judge